Campbell v. Atlantic City et al
Case 2:06-cv-00784-PGC   Document 4   Filed 09/25/2006   Page 1 of 5
Doc. 4

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN A. CAMPBELL,<br><br>   Plaintiff,<br><br>vs.<br><br>CITY OF ATLANTIC CITY, N.J. AND OFFICER KEYWELL,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT FOR IMPROPER VENUE<br><br><br><br>Case No. 2:06-CV-784 TS |

This matter is before the Court for review of the Complaint. Plaintiff John Campbell (Campbell) is proceeding pro se and *in forma pauperis*. Because Campbell was granted permission to proceed *in forma pauperis*, the provisions of the *in forma pauperis* statute, § 1915,[1] are applicable. Under §1915 the Court shall, at any time, *sua sponte* dismiss the case if the Court determines that the Complaint is frivolous or fails to state a claim upon which relief may be granted.[2] A claim is frivolous if it "lacks an arguable basis either in law

---

[1] 28 U.S.C. § 1915.

[2] 28 U.S.C. § 1915(e)(2).

1

or in fact."³ The Court reviews the Complaint to determine if it is sufficient to state a claim upon which relief can be granted. In construing the Complaint, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff"⁴ and will not dismiss a Complaint for failure to state a claim "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."⁵ But "conclusory allegations without supporting factual averments" are not sufficient.⁶

  Because Campbell proceeds pro se, the Court must construe his pleadings liberally and hold his submissions to a less stringent standard than formal pleadings drafted by lawyers.⁷ This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."⁸ No special legal training is required to recount facts surrounding an alleged injury, and pro se litigants must allege sufficient facts on which a recognized legal claim could be based.⁹

---

³*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

⁴*Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

⁵*Id*. (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

⁶*Id.* at 1110.

⁷*Id*.

⁸*Id*.

⁹*Id*.

A pro se plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[10] Thus, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"[11] and the Court should dismiss the claim "only where it is obvious that he cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[12]

Construing the Complaint in accord with these principles, the Court finds that it is not properly filed in this judicial district. Pursuant to § 1983, Campbell brings a Complaint against the City of Atlantic City, New Jersey and one of its law enforcement officers. He does not specify the constitutional right that he claims was violated. The Complaint alleges that while Campbell was sleeping on the street an officer woke him to give him a ticket and, in the process of waking him, the officer pulled out some of Campbell's hair when he pulled off Campbell's hat.[13] It is not necessary that Campbell accurately cite or even formally identify the constitutional right at issue, so long as his factual allegations can be reasonably read to state a valid claim.[14] Viewing the Complaint liberally, it appears Campbell is

---

[10] *Id*. (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990)).

[11] *Id.* at 1110 n. 3.

[12] *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

[13] Docket No. 3, Complaint at 2-3.

[14] *Lattimore v. RKK Enters. Inc.*, 91 F.3d 159 (10th Cir. 1996) (citing *Hall*, 935 F.2d at 1110).

attempting to allege a claim for the use of excessive force in an arrest.[15]  The Complaint alleges only a federal question claim and not a state law claim.

Section 1343[16] authorizes federal court jurisdiction over civil rights complaints.  But where jurisdiction of the Complaint is based solely upon a federal statute, the case may only be filed in the judicial district where (1) any defendant resides if all defendants live in the same state, (2) "in which a substantial part of the events or omissions giving rise to the claim occurred," or (3) "a judicial district in which any defendant may be found."[17]  Campbell alleges that the law enforcement officer defendant is a resident of the state of New Jersey.[18]  The only interpretation possible from reading the Complaint is that it involves two defendants located in the state of New Jersey and an incident occurring in the state of New Jersey.  Accordingly, Campbell's allegations show no possible basis for venue in this judicial district.

Where a case is filed in this district which lays venue in the wrong district, the Court "shall dismiss the case, or if it be in the interest of justice, transfer the case" to the district "in which it could have been brought."[19]  Having reviewed the Complaint, the Court finds that it would not be in the interest of justice to transfer venue of this case.

---

[15] See Graham v. Connor, 490 U.S. 386, 397 (2001).

[16] 28 U.S.C. § 1343(a)(3).

[17] 28 U.S.C. § 1391(b).

[18] Docket No. 3, Complaint, at 2.

[19] 28 U.S.C. § 1406(a).

Campbell is cautioned that if he seeks to file a Complaint against an individual who does not reside in Utah or against a city that is not located in Utah, and that is based upon events that did not occur in Utah, the correct venue to file such case is either the judicial district where that individual resides or the judicial district where the alleged events occurred. Campbell is further cautioned that cases improperly filed in the District of Utah may be dismissed for improper venue. It is therefore

ORDERED that, pursuant to 28 U.S.C. § 1915, the Complaint is DISMISSED without prejudice for improper venue. The clerk of court is directed to close this case.

September 25, 2006.

BY THE COURT:

_____
Ted Stewart
United States District Judge